DENNIS McGUIRE *v.* THE HUDSON RIVER RAILROAD COMPANY.

It is negligence for a railroad company to permit its cars to stand upon and obstruct a public street; and where, by reason of such obstructions, the view of the track in one direction is cut off, and it was rendered impossible for the plaintiff, in crossing the track, to observe a train approaching in that direction, *Held,* that it was not negligence, as matter of law, for the plaintiff to omit to look in the direction, the view of which was thus obstructed.

APPEAL by the defendant from a judgment at trial term, and from an order denying a motion for a new trial. The action was brought to recover $250 damages for injuries to plaintiff's horse, cart and harness, caused by a collision from the careless and negligent running of one of defendants' dummy engines over their road in Hudson street, near Harrison, on or about the 3d of September, 1864. It appeared that, on the day in question, Michael Hadden was driving plaintiff's horse and cart from the Hudson river through Harrison street to Hudson street, where he turned to the right, and came down along the curb to about the middle of the block, where, in attempting to cross Hudson street into Worth, the horse and cart were struck by defendants' dummy, moving north on the east track of their road. Hadden was standing on the cart behind a bale of hay. There was a freight car standing on the west track, and the collision was near one end of it. The driver looked straight ahead and down the street to see if a car was coming, but saw none. At the instant of collision he had an eye on his horse, looking across the street, but did not remember looking down, but saw nothing coming up. He saw no flagman ahead —heard no whistle—no bell. The first he knew of the dummy coming, was when the horse was struck. One shaft of the cart was broken, the harness torn, the horse knocked down and ran over, the whole fetlock of one hind foot cut quite off, and the horse died in two days.

The defendants offered no evidence, but moved to dismiss the complaint. The motion was denied, and the jury rendered

a verdict for the plaintiff. The defendants' counsel moved for a new trial on the judge's minutes, which motion was denied.

*Thomas M. North*, for the appellant, cited on the question of contributory negligence :

*Steves* v. *Osw. & Syr. R. R. Co.* 18 N. Y. 422 ; *Dascomb* v. *Buff. & St. L. R. R. Co.* 27 Barb. 221 ; *Mackey* v. *N. Y. C. R. R. Co.* 27 Barb. 528. On the point that the burden was on the plaintiff to show his own care to avoid the collision, *Wilds* v. *Hudson River R. R. Co.* 24 N. Y. 430 ; 29 *Id.* 315 ; *Suydam* v. *Grand Street & North R. R. Co.* 17 Abbott's P. 309.

*Theodore Stuyvesant* and *L. B. Peet*, on the question of contributory negligence, cited *Brand* v. *Schenectady & Troy R. R. Co.* 8 Barb. 368, 379 ; *Beers* v. *Housatonic R. R. Co.* 19 Conn. 566, 576. On the question of defendants' negligence, they cited *Bradley* v. *Boston & Maine R. R. Co.* 2 Cush. 539 ; *Linfield* v. *Old Colony R. R. Co.* 10 Id. 562 ; *Macon & W. R. R. Co.* v. *Davis*, 18 Geo. 679 ; *Shelbyville Lateral Branch R. R. Co.* v. *Lewark*, 4 Ind. 471.

By THE COURT.—CARDOZO, J.—The driver of the horse owned by the plaintiff was proceeding through Harrison street, with a view to cross Hudson street, so as to get into Worth street.

The defendants had a freight car, the box of which was forty feet long, and as high as the dummy engine which caused the mischief, standing on the west side of the track.

The freight car was standing on a hill, while the dummy came up from a plain, and a man standing on a cart crossing from Harrison street could not see the dummy.

This, I think, is a fair statement of the evidence.

Whether the driver of the horse looked down Hudson street, or not, is somewhat doubtful on his own testimony, as he first swore that he did and afterward that he did not. Whether he did, or not, therefore, was not clear or certain, but was a question of fact to be decided by the jury.

Be that as it may, whether the driver looked " straight

ahead," crossing from Harrison street, which would be directly across Hudson street, or whether he looked down the latter street, seems to me, under the circumstances of this case, quite immaterial. The defendants had placed in the street such an obstruction that the driver could not see if he had looked, and I think he can not be charged with negligence in not attempting to do that which the act of the defendants had rendered impossible.

The defendants had no right to obstruct the highway by keeping the freight car standing on the track. Doing so was an act of negligence on the part of the defendants.

I think the judge properly refused to dismiss the complaint, and that he correctly submitted the case to the jury.

Judgment affirmed.